**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Interscope Records, et al., | ) | No. 05-CV-3744-PHX-FJM |
| Plaintiffs, | ) | |
| vs. | ) | **ORDER** |
| Lindsey Duty, | ) | |
| Defendant. | ) | |

**I**

Developments in internet-based technology, including the use of online peer-to-peer networks, have dramatically increased the speed and ease with which information can be shared worldwide. These networks have been substantially used for the rapid transfer of copyrighted works, leading to "infringement on a gigantic scale," Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd., 125 S. Ct. 2764, 2782 (2005), and creating a flurry of federal litigation. Here, plaintiffs–various recording companies ("the Recording Companies")–allege that Lindsay Duty ("Duty") used a peer-to-peer network called Kazaa to download and distribute copyrighted music in violation of federal law. Duty counterclaims, seeking a declaratory judgment that she did not violate the copyright laws, and raising state common law tort claims for invasion of privacy and abuse of legal process. The court has before it Duty's motion to dismiss (doc. 8), the Recording Companies' amended opposition (doc. 20), and Duty's reply (doc. 22); the Recording Companies' motion to dismiss counterclaims (doc.

1  21), Duty's opposition (doc. 24), and the Recording Companies' reply (doc. 26); and the
2  Recording Companies' motion to disregard Duty's affidavit, or in the alternative, to treat her
3  reply brief as a motion for summary judgment (doc. 25) and Duty's response (doc. 30).

**II**

5  Duty moves to dismiss the Recording Companies' copyright infringement claim
6  pursuant to Rule 12(b)(6), Fed. R. Civ. P., contending that A) the Recording Companies
7  failed to satisfy the pleading requirement in Rule 8(a)(2), Fed. R. Civ. P., and B) the
8  Recording Companies provide no evidence of dissemination. Duty also moves to dismiss
9  the claim pursuant to Rule 12(b)(7), Fed. R. Civ. P., for the failure to join an indispensable
10 party. We disagree with all three contentions, and accordingly deny Duty's motion to dismiss
11 (doc. 8).

**A**

13 Pursuant to Rule 8(a)(2), a plaintiff need only set forth "a short and plain statement
14 of the claim showing that the pleader is entitled to relief." "Such a statement must simply
15 give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it
16 rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512, 122 S. Ct. 992, 998 (2002)
17 (quotation omitted). "The liberal notice pleading of Rule 8(a) is the starting point of a
18 simplified pleading system, which was adopted to focus litigation on the merits of a claim."
19 Id. (citation omitted).

20 The essential elements of a copyright infringement claim are A) plaintiff's ownership
21 of a valid copyright and B) defendant's unauthorized copying of constituent elements of the
22 work that are original. See Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc., 499 U.S. 340,
23 361, 111 S. Ct. 1282, 1296 (1991) (citation omitted). The Recording Companies allege that
24 they own the copyrights to various songs, and that "Defendant, without the permission or
25 consent of Plaintiffs, has used, and continues to use, an online media distribution system to
26 download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the
27 public, and/or to make the Copyrighted Recordings available for distribution to others."
28 Complaint at 3.

1    Attached to the complaint are exhibits A and B.[1]  The complaint is clear that exhibit
2 A is a list of recordings which are copyrighted by the Recording Companies, and that some
3 of the recordings on exhibit B are copyrighted by the Recording Companies.  The complaint
4 fails, however, to explicitly identify the relevance of the two exhibits to this copyright
5 infringement action.

6    In context, however, the relevance of the two exhibits is clear.  Duty is alleged to have
7 illegally used Kazaa to download and distribute various copyrighted works.  Therefore, based
8 upon the complaint alone, it is clear to the court that exhibit B is an alleged representation
9 of Duty's Kazaa share folder, and that exhibit A is a list of some songs that the Recording
10 Companies claim were illegally downloaded or distributed by Duty through her Kazaa share
11 folder.  Moreover, it is clear from Duty's motion to dismiss that she thoroughly understands
12 the claims against her.  Therefore, the complaint satisfies the liberal notice pleading standard
13 of Rule 8(a).  To the extent that there remains confusion with regard to the exact date or time
14 of the incidences of alleged infringement, that can be clarified during discovery.[2]

**B**

16    Duty also argues that "Plaintiffs' allegation that Defendant merely made recordings
17 available for distribution to others fails to state a copyright claim" because "[t]here is no
18 liability for infringing upon the right of distribution unless copies of copyrighted works were
19 actually <u>disseminated</u> to members of the public.  <u>Duty's Memorandum in Support of her</u>
20 <u>Motion to Dismiss</u> at 3 (emphasis in original).  We disagree.

---

[1] "A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."  Fed. R. Civ. P. 10(c).  Accordingly, we consider exhibits A and B herein.

[2] Moreover, we conclude below that the mere filing of a copyrighted work in a peer-to-peer network share folder may constitute distribution and therefore infringement.  Therefore, the existence of any of the Recording Companies copyrighted recordings in Duty's share file as represented in exhibit B to the complaint may constitute copyright infringement.  Therefore, additional date or time information may not be necessary to the Recording Companies' claims.

Pursuant to 17 U.S.C. § 106(3), the owners of a copyright have the "exclusive right[]" to "distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending." "Distribute" is not defined under the Copyright Act, but the right of distribution is synonymous with the right of publication, Ford Motor Co. v. Summit Motor Prod., Inc., 930 F.2d 277, 299 (3d Cir. 1991), and "publication" is defined under the Copyright Act. "Publication" is defined to include "[t]he offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display." 17 U.S.C. § 101 (emphasis added). Moreover, the Court of Appeals has stated that "Napster [a peer-to-peer file sharing company] users who upload file names to the search index for others to copy violate plaintiffs' distribution rights." A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1014 (9th Cir. 2001). Therefore, the mere presence of copyrighted sound recordings in Duty's share file may constitute copyright infringement. Accordingly, Duty's motion to dismiss for failure to state a claim upon which relief can be granted is denied (doc. 8).[3]

**C**

Duty also argues that the alleged infringement would not have been possible without the use of Kazaa, and therefore the owner of Kazaa, Sharman Networks, Ltd. ("Sharman"), is a necessary and indispensable party to this suit. We disagree. The Recording Companies may have a viable claim against Sharman for direct, contributory or vicarious infringement. See Metro-Goldwyn-Mayer Studios Inc., 125 S. Ct. at 2776. Furthermore, following this action, Duty may have a viable claim against Sharman for contribution. However, the possibility of related third-party liability does not preclude us from according complete relief among those already named as parties, nor does it represent sufficient harm to either Sharman

---

[3] To be clear, we do not conclude that the mere presence of copyrighted sound recordings in Duty's share file constitutes copyright infringement. We have an incomplete understanding of the Kazaa technology at this stage, and the ultimate issue of liability is more appropriately considered on a motion for summary judgment where the parties will have an opportunity to fully explain the Kazaa technology, and the means by which a file can be made available for public download on Kazaa.

- 4 -

1 or Duty to require joinder. Fed. R. Civ. P. 19(a); see Temple v. Synthes Corp., Ltd., 498 U.S.
2 5, 7-8, 111 S. Ct. 315, 316 (1990) (holding that joint tortfeasors are not necessary parties).
3 Duty argues that to the extent copyright infringement took place, it was not caused by
4 her because Kazaa has an automatic upload feature which causes any user to unknowingly
5 distribute computer files over the internet. To the extent this is true, it might be a valid
6 defense. However, for the reasons stated, it does not make Sharman a necessary party.
7 Therefore, Duty's motion to dismiss for the failure to join an indispensable party is denied
8 (doc. 8).

**III**

10 Duty counterclaims A) seeking a declaratory judgment that she did not commit
11 copyright infringement; B) claiming that the Recording Companies are liable for the invasion
12 of privacy in accessing her computer files and C) publically identifying her as a file-sharer;
13 and D) claiming that the Recording Companies are liable for the abuse of legal process. The
14 Recording Companies move to dismiss each cause of action.

**A**

16 The Recording Companies sole claim is that Duty committed copyright infringement.
17 Duty counterclaims, seeking a declaratory judgment that she did not commit copyright
18 infringement. The issue of copyright infringement will be decided by this court regardless
19 of the declaratory judgment claim unless the parties stipulate to settlement, or the Recording
20 Companies move to voluntarily withdraw their complaint and the court so orders pursuant
21 to Rule 41(a)(2), Fed. R. Civ. P. Therefore, Duty's claim for a declaratory judgment is
22 redundant and unnecessary, and the Recording Companies motion to dismiss it is granted
23 (doc. 21).

**B**

25 Duty claims that the Recording Companies are liable for the tort of intrusion upon
26 seclusion. A person is liable for that tort if he "intentionally intrudes, physically or
27 otherwise, upon the solitude or seclusion of another or his private affairs or concerns . . . if
28 the intrusion would be highly offensive to a reasonable person." Hart v. Seven Resorts Inc.,

- 5 -

1  190 Ariz. 272, 279, 947 P.2d 846, 853 (Ct. App. 1997) (citing Restatement (Second) of Torts
2  § 652B (1977)).  Therefore, a defendant is liable "only when he has intruded into a private
3  place, or has otherwise invaded a private seclusion that the plaintiff has thrown about his
4  person or affairs." Id. (citing Restatement § 652B cmt. c).

5  Duty alleges that the Recording Companies committed this tort by "inva[ding] [her]
6  alleged computer." Counterclaim at 7.  More specifically, it appears that Duty claims that
7  the Recording Companies committed this tort by accessing her Kazaa share folder, which is
8  reproduced as exhibit B to the complaint.  The Recording Companies argue that Duty fails
9  to state a claim upon which relief can be granted because the information in the share file is
10 public, and therefore, there is no seclusion.  Duty does not dispute this fact; she merely
11 argues that she did not put the sound recordings in the share file.  She argues that Kazaa did
12 so automatically.  However, whether Duty or Kazaa acted, it is undisputed that the share file
13 is publically available, and therefore Duty cannot show that the Recording Companies
14 intruded upon her private affairs.  Accordingly, the Recording Companies' motion to dismiss
15 Duty's intrusion upon seclusion claim is granted (doc. 21).

**C**

17 Duty claims that the Recording Companies are liable for the tort of false light for
18 publically disclosing that Duty is a file-sharer by filing this lawsuit.  The Recording
19 Companies move to dismiss this claim arguing that they are protected by the Noerr-
20 Pennington doctrine.  The Recording Companies appear to be correct, but we need not
21 further consider the substance of their argument because Duty failed to respond to it and,
22 pursuant to LRCiv 7.2(i), we perceive the failure to respond as consent to the granting of the
23 motion with regard to this issue.  Accordingly, the Recording Companies' motion to dismiss
24 Duty's false light claim is granted (doc. 21).

**D**

26 Duty claims that the Recording Companies are liable for the state law tort of abuse
27 of the legal process, which is defined as "a willful act in the use of judicial process . . . for
28 an ulterior purpose not proper in the regular conduct of proceedings." Crackel v. Allstate Ins.

1 Co., 208 Ariz. 252, 257, 92 P.3d 882, 887 (Ct. App. 2004). To succeed on the claim, "a
2 plaintiff must show that the defendant's improper purpose was the primary motivation for its
3 actions, not merely an incidental motivation." Id. at 259, 92 P.3d at 889. Moreover,

> [f]or abuse of process to occur there must be use of the process for an immediate purpose other than that for which it was designed and intended. The usual case of abuse of process is one of some form of extortion, using the process to put pressure upon the other to compel him to pay a different debt or to take some other action or refrain from it.

7 Restatement § 682 cmt. b.

8 Here, Duty claims that this is one case in thousands where the Recording Companies
9 are suing individual users of peer-to-peer networks such as Kazaa in an effort to frighten
10 users away from the networks, thereby putting the networks out of business. This might be
11 true. In fact, the Recording Companies state in their briefings that "they face a massive
12 problem of digital piracy over the Internet" and accordingly they have "sustained and
13 continue to sustain devastating financial losses." Recording Companies' Amended
14 Opposition at 2. It is not, however, an abuse of the legal process to organize a large-scale
15 legal assault on small-scale copyright infringers that together cause devastating financial
16 losses. Moreover, it is not an abuse of the legal process if the Recording Companies' goal
17 in bringing these actions is to scare would-be infringers into complying with federal law, and
18 thereby prevent the networks that allegedly facilitate the alleged infringement from doing so.
19 It may be an abuse of the legal process for a collection of large corporate entities to use their
20 substantial financial and intellectual capacities to prey upon less capable individuals and
21 unfairly pressure them into settlement. However, while Duty sets forth general allegations
22 with regard to the Recording Companies' overall strategy, she sets forth no allegations with
23 regard to such heavy-handed tactics in this litigation. Therefore, the Recording Companies'
24 motion to dismiss Duty's abuse of process claim is granted (doc. 21).

### IV

26 The Recording Companies move to disregard Duty's affidavit attached to her reply
27 brief, or in the alternative to convert Duty's reply brief to a motion for summary judgment.
28 When considering a motion to dismiss under Rule 12(b)(6), we accept the plaintiff's factual

1  allegations as true. Anderson v. Clow, 89 F.3d 1399, 1403 (9th Cir. 1996). Accordingly,
2  Duty's contradictory assertions of fact in her affidavit are irrelevant to the analysis.
3  Moreover, it would be inappropriate to convert Duty's reply into a motion for summary
4  judgment because the parties have not had an opportunity to conduct discovery and flesh out
5  the factual issues that are necessary to the infringement claim. Furthermore, the facts set
6  forth in the affidavit would have no effect on our resolution of Duty's motion to dismiss
7  pursuant to Rule 12(b)(7). Accordingly, we grant the Recording Companies' motion to
8  disregard Duty's affidavit (doc. 25).

**V**

**IT IS ORDERED DENYING** Duty's motion to dismiss (doc. 8).

**IT IS FURTHER ORDERED GRANTING** the Recording Companies' motion to dismiss the counterclaims (doc. 21).

**IT IS FURTHER ORDERED GRANTING** the Recording Companies' motion to disregard Duty's affidavit (doc. 25).

For clarity, only the Recording Companies' copyright infringement claims remain.

DATED this 14th day of April, 2006.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge